[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14372
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 8, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00120-CV-2-SLB

TERRY F. MOORE,

Plaintiff-Appellant,

versus

JEFFERSON COUNTY DEPARTMENT
OF HUMAN RESOURCES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 8, 2008)

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Terry Moore appeals the district court's grant of summary judgment in favor of the Jefferson County Department of Human Resources and the State of Alabama Department of Human Resources (collectively, DHR) as to his employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), 3(a).[1]  Moore asserts the district court erred in granting summary judgment as to his claims that DHR improperly refused to promote him in October 2004 and January 2005 on the basis of his gender.  Additionally, he contends the district court erred in granting summary judgment on his claim that DHR unfairly evaluated his performance in May 2006 in retaliation for filing a complaint with the Equal Employment Opportunity Commission and this lawsuit.  We address each issue in turn, and affirm the district court.

## I.

We review a district court's grant of summary judgment *de novo*.  *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).  Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law.  *Id.*  "There is no genuine issue of material fact if the

---

[1]  Moore's claim against Caro Shanahan was dismissed for failure to timely perfect service on August 28, 2006.  Because Moore does not challenge the dismissal on appeal, any claim in this respect is abandoned.  *See Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (holding issues not raised on appeal are deemed abandoned).

2

nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial." *Jones v. Gerwens*, 874 F.2d 1534, 1538 (11th Cir. 1989). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Title VII prohibits, *inter alia*, an employer from discriminating against a person based on gender. 42 U.S.C. § 2000e-2(a). Under Title VII, a plaintiff bears the ultimate burden of proving discriminatory treatment by a preponderance of the evidence. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990). Absent direct evidence of an intent to discriminate, a plaintiff may prove his case through circumstantial evidence, using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973). *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1273 (11th Cir. 2002).

Where, as here, the district court finds the plaintiff established a *prima facie* case of discrimination and the employer has proffered one or more legitimate, nondiscriminatory reasons for the employment action, "the burden of production shifts to the plaintiff to offer evidence that the alleged reason of the employer is a pretext for illegal discrimination." *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d

3

1079, 1087 (11th Cir. 2004). "To show that the employer's reasons were pretextual, the plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Cooper v. S. Co.*, 390 F.3d 695, 725 (11th Cir. 2004) (quotations omitted). "If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it." *Wilson*, 376 F.3d at 1088. "Quarreling with that reason is not sufficient." *Id.* If the plaintiff cannot create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual, the employer is entitled to summary judgment. *Cooper*, 390 F.3d at 725.

"[T]he failure to promulgate hiring and promotion policies" can be evidence of pretext. *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 644 (11th Cir. 1998). A decision is even more suspicious where established rules were bent or broken to give an applicant an edge in the hiring process. *Id.* Nevertheless, when challenging a successful applicant's qualifications, a plaintiff must show that the disparities between the candidates' qualifications were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could

4

have chosen the candidate selected over the plaintiff." *Brooks v. County Comm'n of Jefferson County, Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006) (quotations omitted). Further, evidence that an employer had additional reasons for terminating an employee does not prove pretext. *Tidwell v. Carter Prods.*, 135 F.3d 1422, 1428 (11th Cir. 1998). If an employer offers different reasons for terminating an employee, those reasons must be inconsistent in order to constitute evidence of pretext. *Zaben v. Air Prods. & Chems., Inc.*, 129 F.3d 1453, 1458-59 (11th Cir. 1997).

Moore failed to show pretext. Evidence did not show that Moore was more qualified than the female candidates hired for the positions, that DHR changed its rationale for the decisions, or that DHR deviated from its internal procedures for promotions. Moreover, although emails by a supervisor addressed the recipients, including Moore, as "Ladies," they did not constitute circumstantial evidence of gender discrimination because they were unrelated to the promotions and Moore did not produce additional evidence supporting his claim of pretext. Additionally, although the reasons cited for promoting the female candidates in the EEOC position statement differed slightly from deposition testimony, that alone does not establish pretext. *See Tidwell*, 135 F.3d at 1428. None of those reasons were inconsistent with one another. *See Zaben*, 129 F.3d at 1458-59. Because Moore

failed to show a genuine issue of material fact as to whether DHR's proffered legitimate, nondiscriminatory reasons for the October 2004 and January 2005 promotions were pretexts for gender discrimination, the district court did not err in granting summary judgment in favor of DHR.

## II.

Title VII makes it unlawful for "an employer to discriminate against any of his employees . . . because he has made a charge, testified, or assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  Where, as here, the district court finds the plaintiff demonstrated a *prima facie* case of retaliation and the employer proffered legitimate, nondiscriminatory reasons for the employment action, the burden shifts to the plaintiff to show the employer's proffered explanation is a pretext for retaliation.  *See Thomas*, 506 F.3d at 1363-64.

Moore contends DHR applied a different standard in evaluating him than it did to other similarly-situated employees, resulting in a reduced raise.  However, the evidence did not show that Moore performed the same amount of work as his predecessor.  Moore failed to show that DHR's proffered legitimate, nondiscriminatory reason for increasing his performance requirements was pretext

for retaliation, and the district court did not err in granting summary judgment in favor of DHR.  Accordingly, we affirm.

**AFFIRMED.**